IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CLYDE JOHNSON<br>  Plaintiff | : |
| | : |
| v. | CIVIL ACTION NO. WDQ-07-651 |
| | : |
| FBI, et al.<br>  Defendants | : |

..oOo..

## **MEMORANDUM**

Pending is a pro se 42 U.S.C. § 1983 civil rights action filed by Clyde Johnson. Johnson has also filed a Motion for Leave to Proceed in Forma Pauperis which will be granted. The Court will dismiss the complaint without prejudice for failure to state a cognizable cause of action.[1]

The complaint fails to provide any basis for federal redress.[2] Johnson lists "wrongful blame\ malpractice\reckless in dangerlment [sic]\and sexual assault." as the cause of action presented. The complaint is devoid of any facts, names, dates, or places where actions occurred that allegedly gave rise to these claims. Johnson generally states: "I can bare [sic] no more. I can explain the FBI, ATF, DEA, Baltimore City Police and my doctors all are truth and if contested I will no problem [sic] take lie detector test. Thank you. My high school diploma pleas with all respect."  As presented, the complaint fails to state a cognizable cause of action.

Federal district court have discretion under 28 U.S.C. §1915 to screen cases filed by *pro se* plaintiffs who are proceeding in forma pauperis. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995). Under *Neitzke*, a complaint may be dismissed under §1915(e) if it lacks an arguable basis either in law or in fact. *See Neitze*, 490 U.S. at 325. This Court is obliged by 28 U.S.C. §1915(e)(2) to screen complaints

---

[1] It is unclear as to what relief Johnson is seeking.

[2] A review of court records shows that this is Johnson's first proceeding before this Court.

and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted.[3]  In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . .  It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989); *see also* Federal Rules of Civil Procedure, Rule 8(a)(2) (providing that a pleading shall contain a short and plain statement of the claim showing that the pleader is entitled to relief).   This complaint satisfies the standard for dismissal.

Absent a minimally sufficient factual predicate,  this complaint cannot proceed. *See Sado v. Leland Memorial Hospital*, 933 F. Supp. 490, 493 (D. Md. 1996).  Plaintiff has failed to state a cognizable cause of action, and the complaint will be dismissed without prejudice.  A separate Order consistent with this Memorandum follows.


<u>March 23, 2007</u>                                          <u>         /s/                          </u>
Date                                                                William D. Quarles, Jr.
                                                                        United States District Judge

---

[3]    28 U.S.C. § 1915 (e) provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
(A) the allegation of poverty is untrue; or
(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief